UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LAWRENCE PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:09-CV-325 RM |
| vs. | ) | |
| | ) | |
| M. THATCHER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Lawrence Peterson, a *pro se* prisoner, filed a complaint, a declaration in support of immediate injunctive relief, a motion for appointment of counsel, and an *in forma pauperis* petition. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has,

> on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Peterson has accumulated at least three strikes.

The records of the United States District Court for the Southern District of Indiana establish that Mr. Peterson has accumulated two strikes:

> Peterson v. Martin, IP94-C-992 (S.D. Ind. filed June 24, 1994), case dismissed on July 12, 1994 for want of jurisdiction; and

> Peterson v. Francum, 2:08-CV-430 (S.D. Ind. filed November 14, 2008), case dismissed pursuant to 28 U.S.C. § 1915A(b).

When the court dismisses some claims or defendants from a complaint based on the grounds set forth in § 1915(g), it counts as a strike even where the case proceeds on other grounds. George v. Smith, 507 F.3d 605, 607-8 (7th Cir. 2007). In George, the court held that "George thus incurs two strikes in this litigation — one for filing a complaint containing a frivolous claim, another for an appeal raising at least one frivolous objection to the district court's ruling." *Id.* at 608. The records of this court establish that Mr. Peterson had such a strike in:

> Peterson v. Bodlovich, 3:96-cv-437 (N.D. Ind. filed June 7, 1996), First and Eighth Amendment claims dismissed for failure to state a claim on July 24, 1996, judgment entered on September 26, 1996.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Peterson's complaint seeks both monetary damages and injunctive relief. Though monetary damages for past events don't constitute a basis for a finding that he is in imminent danger of serious physical injury, the injunctive relief claims require further exploration.

Mr. Peterson makes two claims that arguably could be viewed as asserting that he is in imminent danger. Though the first doesn't meet that test, the second might. First, Mr. Peterson alleges that a defendant called him a sexual predator and that as a result he is threatened by other inmates. Verbal abuse "does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty

interest or deny a prisoner equal protection of the laws." <u>DeWalt v. Carter</u>, 224

F.3d 607, 612 (7th Cir. 2000). More importantly, Mr. Peterson doesn't allege, and

based on this complaint it wouldn't be reasonable to infer, that he has sought

protection from those other inmates. The court of appeals has explained that this

does not state a claim.

> Klebanowski testified during his deposition that he told officers twice
> on September 8 that he was afraid for his life and he wanted to be
> transferred off the tier. Those statements, and the officers' knowledge
> of the first beating, are the only pieces of evidence in the record that
> can assist Klebanowski in his attempt to show that the officers were
> aware of any risk to him. We have previously held that statements
> like those made by Klebanowski are insufficient to alert officers to a
> specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to
> establish deliberate indifference statements by a prisoner that he was
> "having problems in the block" and "needed to be removed"). In
> *Butera,* we deemed the inmate's statements insufficient to give notice
> to the officers because they did not provide the identities of those who
> threatened the inmate, nor state what the threats were. *Id.*
> The facts of this case make clear our reason for requiring more
> than general allegations of fear or the need to be removed. By
> Klebanowski's own testimony, the officers knew only that he had
> been involved in an altercation with three other inmates, and that he
> wanted a transfer because he feared for his life. He did not tell them
> that he had actually been threatened with future violence, nor that
> the attack on September 8 was inflicted by gang members because of
> his non-gang status. Without these additional facts to rely on, there
> was nothing leading the officers to believe that Klebanowski himself
> was not speculating regarding the threat he faced out of fear based
> on the first attack he suffered. This lack of specificity falls below the
> required notice an officer must have for liability to attach for
> deliberate indifference.

<u>Klebanowski v. Sheahan</u>, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

> Prisons are dangerous places. Housing the most aggressive among
> us, they place violent people in close quarters. Those who have
> difficulty conforming to society's norms outside prison may find

obedience no more attractive inside -- and the threat of punishment for violence is diminished for one already serving a long term.

McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991).

Mr. Peterson has alleged that he is housed in a dangerous prison and that its dangers have been heightened by being called a sexual predator. Though he denies being a sexual predator, the prison houses sexual predators, and his risk is no different than theirs. His allegation, then, is merely that prison is a dangerous place. This allegation is not a basis for finding that he is in imminent danger of serious physical injury.

Nevertheless, his second allegation might. Mr. Peterson says he is housed in a cell block where cats are permitted as pets even though he is allergic to cats. He has attached a medical instruction sheet signed by a physician which states:

> 200 Range or below, pass x90 day
> (07/10/09 ➜ 10/10/09)
> N.B. Pt. IS very allergic
> to CAT DANDER (causes
> BRONCHOSPASM/ASTHMA)

DE 4 at 4 (emphasis in original). Though these instructions don't clearly order that Peterson be housed in a cell block without cats, it is possible that the 200 range and below is a cat-free environment. If so, these medical orders state that he should be moved and do explain that cats cause his respiratory distress.

Because 28 U.S.C. § 1915(g) mandates the court deny Mr. Peterson leave to proceed *in forma pauperis* on those claims for which he is not in imminent danger, those claims will be dismissed without prejudice.[1] He will proceed only on his injunctive relief claim against the highest ranking defendant, Unit Team Manager Mr. Thatcher, in his official capacity, solely on the claim that he is in imminent danger of serious physical injury because he is being housed with cats. For administrative reasons, the order granting him leave to proceed *in forma pauperis* on that claim will be issued in a separate order.

Mr. Peterson seeks immediate injunctive relief in the form of either a temporary restraining order or a preliminary injunction. The record before the court is sufficient to permit this claim to proceed, but the doctor's statement is too ambiguous to justify a temporary restraining order. His motion will be denied, but the motion for a preliminary injunction will be taken under advisement and the defendant will be ordered to appear and promptly respond. It is possible that the motion will have been rendered moot if Mr. Peterson has already been moved into

---

[1] Though he could bring related claims in this case if he pre-paid the $350.00 filing fee, based on his *in forma pauperis* petition it doesn't appear that is likely. Nevertheless, if he tenders the full filing fee within 30 days of this order, he may file an amended complaint presenting other related claims.

a cat-free housing unit by then. Nevertheless, until the defendant responds it is impossible to rule on the motion.

Finally, Mr. Peterson asks to be appointed counsel.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*). Mr. Peterson does not say that he has made any effort to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v.* County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). Therefore the motion will be denied. Even if Mr. Peterson had tried to obtain counsel, the remaining claim is simple and straightforward. He is literate and capable of obtaining his own medical records and explaining his allergies. He is personally knowledgeable of his housing conditions. Mr. Peterson has filed numerous cases in the federal courts and he appears competent to litigate this one himself.

For the foregoing reasons, the court:

(1) GRANTS Lawrence Peterson leave to proceed against Unit Team Manager Mr. Thatcher in his official capacity for injunctive relief solely related to his claim that he is in imminent danger of serious physical injury because he is being house with cats contrary to medical orders;

(2) DISMISSES WITHOUT PREJUDICE all other claims;

(3) DISMISSES D. Cabanaw and L. Bratcher;

(4) DENIES the motion for a temporary restraining order (DE 4);

(5) DENIES the motion for appointment of counsel (DE 3);

(6) TAKES UNDER ADVISEMENT the motion for a preliminary injunction (DE 4);

(7) DIRECTS the clerk to transmit the summons and USM-285's for Unit Team Manager Mr. Thatcher to the United States Marshals Service along with a copy of this order, the complaint (DE 1), and the declaration in support of the motion for a preliminary injunction (DE 4);

(8) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Unit Team Manager Mr. Thatcher;

(9) ORDERS Unit Team Manager Mr. Thatcher to appear and respond to the motion for preliminary injunction within **ten days** of receipt of this order; and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Unit Team Manager Mr. Thatcher to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff been granted leave to proceed in this screening order.

SO ORDERED.

DATED: July 27, 2009

_/s/ Robert L. Miller, Jr._
Chief Judge
United States District Court


cc: L. Peterson